IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| KARL GUNTHER FRAGSTEIN, § § *Plaintiff*, § § v. § § HAMILTON HOMEBUILDERS LLC et al., § § *Defendants*. § | CIVIL ACTION NO. 9:23-CV-76-MJT-CLS |

**REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS (docs. #5, and #38) AND MOTIONS FOR SUMMARY JUDGMENT (docs. #4, #22, #23, and #44)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72. Pending before the court are four motions for summary judgment (docs. #4, #22, #23, and #44) and two motions to dismiss (docs. #5, and #38.)

I. **Procedural Background**

In his *pro se* pleadings, Plaintiff filed suit against the following defendants: Hamilton Homebuilders, LLC., ("Hamilton"), Wright's Manufactured Homes, LLC., ("Wright"), Robert's Mobile Home Service, LLC., ("Robert's Mobile"), Summit Housing Transport, LLC., ("Summit"), Texas Department of Housing and Community Affairs, ("TDHCA"), U.S. Department of Housing and Urban Development, ("HUD"), and William Marcus Wilkerson ("Wilkerson"). Plaintiff's claims arise from the purchase and installation of a manufactured home in 2019. Specifically, Plaintiff claims that the manufacturer, seller, and installer of the manufactured home violated various federal regulations concerning manufactured homes, violated

the Texas Deceptive Trade Practices Act, breached the contract, and breached warranties owed to him. His claims against TDCHA, HUD, and Wilkerson are not specific. (Doc. #1.)

Plaintiff paid the filing fee and summonses were sent to him for service. Returns of service were filed for all seven defendants. Only Hamilton, TDHCA, Summit Housing, and Wright have filed responsive pleadings, each having initially filed a motion to dismiss. (Docs. #4. #5, #22, and #23.) Hamilton moved for dismissal under Rule 12(b)(6) claiming that Plaintiff's claims are precluded by the doctrine of *res judicata*. (Doc. #4.) TDHCA claimed both that Plaintiff fails to state a claim under 12(b)(6) and sovereign immunity under 12(b)(1). (Doc. #5.) Summit asserted the doctrine of *res judicata* in its motion to dismiss, as well as a 12(b)(6) failure to state a claim. (Doc. #22.) Finally, Wright asserts failure to state a claim, *res judicata*, or, in the alternative a request for a more definite statement. (Doc. #23.)

In response, Plaintiff filed his own "Motion Not to Dismiss Pursuant to the United States Constitution." (Doc. #20.) The undersigned construed this motion as *pro se* Plaintiff's response to all four of these motions. In his motion, Plaintiff reiterates the facts underlying his claims, appends evidence, but does not address Defendant's arguments specifically.

The undersigned held a status conference on July 18, 2023. There, in recognition of the inclusion of underlying evidence to support the motions to dismiss, the undersigned advised the parties that she was converting documents #4, #22, and #23 to motions to summary judgment. TDHCA's motion to dismiss (doc. #5) was not converted to a motion for summary judgment. The undersigned further advised defendants that the state court record appeared incomplete and advised defendants to supplement the record to completion. The undersigned also advised Plaintiff that he would have twenty-four (24) days from the receipt of the record to file responses to the converted motions for summary judgment. (Doc. #33.)

2

On July 24, 2023, the relevant defendants filed a certificate of service advising that a complete copy of the state court record was sent to Plaintiff on July 24, 2023. Assuming three days for mailing, Plaintiff's responses to the motions for summary judgement were due August 21, 2023. Plaintiff filed no direct response to the converted motions. Accordingly, the undersigned continues to construe Plaintiff's "Motion Not to Dismiss Pursuant to the United States Constitution" (doc. #20) as a response to the converted motions and TDHCA's motion to dismiss.

Also pending before the court is a Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by all Defendants on July 20, 2023. (Doc. #38.) Defendants argue that Plaintiff does not have any viable causes of action for his claims. Defendant TDHCA did not waive its original motion to dismiss (doc. #5) in the joint motion. The undersigned construes Plaintiff's "Notice of Jurisdiction Under 42 U.S. Code Chapter 70" as Plaintiff's response to the Joint Motion to Dismiss. (Doc. #39.) Finally, on August 11, 2023, Plaintiff filed his own Motion for Summary Judgment reiterating his previous arguments. (Doc. #44.)

**II.   Legal Standard**

    A. <u>Motions to Dismiss Under Rule 12(b)(1)</u>

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ruiz v. Donahue*, 569 F. App'x 207, 210 (5th Cir. 2014) (per curiam) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2002)). In considering a motion to dismiss, the court must accept as true the allegations and facts set forth in the complaint and may consider matters of fact which may be in dispute. *Id.*

Generally, the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citations omitted). However, for a party

asserting a defense of sovereign immunity, as did TDHCA in its motion to dismiss, the Fifth Circuit has held that the entity asserting sovereign immunity bears the burden of demonstrating such immunity. *Cutrer v. Tarrant Cnty. Local Workforce Dev. Bd.*, 943 F.3d 265, 270 (5th Cir. 2019) (citation omitted) ("[A]n entity that asserts sovereign immunity under *Clark* bears the burden of demonstrating that it's an 'arm of the state.'"); *see also, e.g.*, *Skelton v. Camp*, 234 F.3d 292, 297 (5th Cir. 2000) (collecting cases); *but see, e.g.*, *Canada Hockey, L.L.C. v. Tex. A&M Univ. Athletic Dep't*, No. 20-20503, 2022 WL 445172, at *2 (5th Cir. Feb. 14, 2022) (applying the general rule that the party asserting jurisdiction bears the burden of proof that jurisdiction exists, demonstrating an apparent contradiction[1] in Fifth Circuit cases on this matter).

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.), *cert. denied* 536 U.S. 960 (2002)(citations omitted); *see also Goudy-Bachman v. United States Dep't of Health and Human Svcs.*, 764 F. Supp. 2d 684, 689 (M.D. Pa. 2011) (citing *Tolan v. United States*, 176 F.R.D. 507, 509 (E.D. Pa. 1998) ("[w]hen a motion is premised on both lack of subject matter jurisdiction and another Rule 12(b) ground, mootness concerns dictate that the court address the issue of jurisdiction first.")); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted) ("A [motion to dismiss] for lack of subject matter jurisdiction must be considered . . .

---

[1] The undersigned will apply the Fifth Circuit caselaw holding that the party asserting it is entitled to sovereign immunity bears the burden of demonstrating as such for two reasons. First, the Fifth Circuit's Rule of Orderliness dictates that *Skelton* controls. *See, e.g.*, *Harvey v. Black*, 913 F.2d 226, 228 n.2 (5th Cir. 1990) ("When two panel opinions appear in conflict, it is the earlier which controls."). Second, the reasoning proffered by courts that have substantively considered this issue is persuasive, and those courts (cited by *Skelton*) have held the burden is on the entity asserting sovereign immunity. *See, e.g.*, *ITSI T.V. Prods., Inc. v. Agric. Ass'n*, 3 F.3d 1289, 1291-92 (9th Cir. 1993). In contrast, the Fifth Circuit cases that have contradicted *Skelton* do not contain any substantive consideration of this issue and instead simply state the general rule without further discussion or acknowledgment of its own prior caselaw.

before other challenge 'since the court must find jurisdiction before determining the validity of a claim.'")

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Bryan v. Stevens,* 169 F. Supp. 2d 676, 681 (S.D. Tex. 2001) (citing *Den Norske Stats Oljeselskap As v. Heeremac Vof*, 241 F.2d 420, 424 (5th Cir. 2001)); *see also Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015). A motion to dismiss based on the complaint alone presents a "facial attack," and requires the trial court "merely to look to the sufficiency of the allegations in the complaint because they are presumed be true." *Bridges v. Freese*, 122 F. Supp. 3d 538, 542 (S.D. Miss. 2015) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). In contrast, a "factual" attack challenges the existence of subject matter in fact, irrespective of the pleadings, and matters outside pleadings, such as testimony and affidavits, are considered. *Id*. (quoting *Menchacha v. Chrysler Credit Corp*., 613 F.2d 661, 663 (5th Cir. 1980)).

    B. <u>Motions to Dismiss Under Rule 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

    C. <u>Motions for Summary Judgment Under Rule 56</u>

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-

moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Chambers v. Sears, Roebuck and Co.*, 428 Fed. App'x 400, 407 (5th Cir. 2011) (citing *Duffy v. Leading Edge Products Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)).

Once the moving party has carried its burden of demonstrating the absence of a genuine dispute of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Toney v. United States*, 273 Fed. App'x 384, 385-86 (5th Cir. 2008) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248-49)). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *Lindquist v. City of Pasadena*, 669 F.3d 225, 232-33 (5th Cir. 2012) (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)).

Mere conclusory allegations are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). Unsubstantiated assertions, improbable inferences, and unsupported speculation are also not competent summary judgment evidence. *Hugh Symons Group*, 292 F.3d at 468 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). The party opposing summary judgment is required to

7

identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citing *Forsyth*, 19 F.3d at 1537)). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 Fed. App'x 839, 843 (5th Cir. 2018) (citation omitted); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992); FED. R. CIV. P. 56(c)(3) ("[T]he court need consider only the cited materials."). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. Discussion

#### A. Defendants' Joint Motion to Dismiss under Rule 12(b)(1)

Federal statutes provide federal courts with three types of subject matter jurisdiction: (1) federal question jurisdiction, 28 U.S.C. §1331, (2) diversity jurisdiction, 28 U.S.C. §1332, (3) supplemental jurisdiction, 28 U.S.C. §1367. The undersigned finds none of these statutes encompass any of Plaintiff's claims.

##### i. Diversity Jurisdiction

No pending motion, response, or reply in this case discusses diversity jurisdiction. However, the undersigned carefully examined Plaintiff's complaint to determine if any of Plaintiff's claims fall under federal diversity jurisdiction. After careful examination of the pleadings, the undersigned finds that the Plaintiff does not sufficiently plead diversity jurisdiction.

Even though the court will construe a *pro se* plaintiff's complaint liberally, a plaintiff must still plead all requirements of diversity jurisdiction. *Hamilton v. United States*, No. 4:16-cv-964,

8

2017 WL 1169849 at *3 (N.D. Tex. March 31, 2017) ("The plaintiff, regardless of his status as a *pro se* litigant, remains obligated to plead proper jurisdiction and specific facts in accordance with FED. R. CIV. P. 8."). This requires a plaintiff "to specifically allege each party's citizenship." *Deliverance Poker, LLC. v. Tiltware, LLC*, 771 F. Supp 2d 658, 661 (W.D. Tex. 2011). Pleading Defendants' states of incorporation and addresses for their respective registered agents for service of process, as Plaintiff does here, (doc. #1 at ¶¶ 4-12), is insufficient to establish complete diversity. *See Deliverance Poker*, 771 F. Supp. 2d at 661-62.[2] Plaintiff's response to the Joint Motion to Dismiss provides no additional information about diversity jurisdiction and focuses entirely on federal law. (Doc. #39.)

### ii. Federal Question Jurisdiction

Plaintiff likewise fails to establish federal question jurisdiction. In his response to the Joint Motion to Dismiss, Plaintiff cites sections of the Manufactured Housing Construction and Safety Standard Act of 1974 which he alleges Defendants had violated. (Doc. #39 at 1-2.) However, this court has specifically found that act does not provide individuals with a private right of action for damages. *Richard v. Fleetwood Enterprises, Inc.*, 4 F. Supp. 2d 650, 656 (E.D. Tex. 1998); *see Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 675 (E.D. La. 2007). Sections of the Manufactured Housing Construction and Safety Standard Act provide private individuals the ability to seek an

---

[2] Federal diversity jurisdiction requires (1) complete diversity of citizenship, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. §1332. Complete diversity can come in different forms, but generally is met when no plaintiff shares a home state with any defendant. *Id.* However, Defendants Hamilton, Summit, and Wright are limited liability companies ("LLCs"). (Doc. #1 at 2-3.) The Fifth Circuit has held that LLCs are citizens of the domiciles of *all* of its members for purposes of diversity jurisdiction. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). It is Plaintiff's responsibility to specifically allege the citizenship of every member of every LLC. *MidCap Media Fin., L.L.C. v. Pathway Data, Incorp.*, 929 F.3d 310, 314 (5th Cir. 2019). Likewise, Plaintiff pleads he resided in Louisiana at the time of he filed his complaint, but that alone is insufficient to establish Louisiana as his domicile for purposes of diversity jurisdiction. *See Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 815 (5th Cir. 2007) (holding "citizenship requires residency and the intent to return or remain in the state").

9

injunction in limited circumstances, 42 U.S.C. § 5412; *see Richard*, 4 F. Supp. 2d at 658, but that is irrelevant to Plaintiff who is requesting damages of at least $50,000,000. (Doc. #1 at ¶ 14.)

The court does not have federal question jurisdiction where a plaintiff relies solely on a federal statute without a private cause of action. *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) ("When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute.").

### iii.  *Supplemental Jurisdiction*

As the undersigned recommends finding that Plaintiff has failed to properly plead diversity jurisdiction or present a federal question, the court has discretion to dismiss Plaintiff's state law claims. After the anchor claims are dismissed, the general rule in the Fifth Circuit is for the court to dismiss claims based on supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011); *Carney v. New Orleans City*, 468 F. Supp. 3d 751, 768 (E.D. La. 2020). The undersigned finds no reason to depart from this general rule. Accordingly, the court should dismiss all of Plaintiff's claims as there is no federal question jurisdiction, diversity jurisdiction, nor any remaining anchor claims to support supplemental jurisdiction.

### B.  Remaining Motions under Rules 12(b)(1), 12(b)(6), and 56

As the court has no subject matter jurisdiction over Plaintiff's claims, the case should be dismissed, and all other pending motions should be rendered moot.

## IV.  Recommendation

The undersigned's findings are summarized as follows: (1) Plaintiff does not present any federal question nor sufficiently plead diversity jurisdiction, and (2) there is no basis for the court

to exercise supplement jurisdiction over Plaintiff's claims. Accordingly, Defendants' Joint Motion to Dismiss (doc. #38) should be granted in full. All other motions are rendered moot.

For the forgoing reasons, the undersigned recommends that Defendants' Joint Motion to Dismiss (doc. #38) be **GRANTED** in full, all other pending motions be **DENIED AS MOOT**, and all of Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 18th day of September, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE