IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KARL GUNTHER FRAGSTEIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:23-CV-76-MJT-CLS |
| | § | |
| HAMILTON HOMEBUILDERS LLC et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER OVERRULING
PLAITNIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72. On September 18, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 47] with the following conclusions and recommendations: (1) Plaintiff did not present any federal question nor sufficiently plead diversity jurisdiction, (2) the court lacked subject matter jurisdiction over Plaintiff's claims, (3) Defendant's Joint Motion to Dismiss [Dkt. 38] should be granted in full, disposing of all claims in this case, and (4) all other motions should be denied are moot.

**I.    Plaintiff's Objections to the Report and Recommendation are Overruled**

On September 26, 2023, Plaintiff filed objections to the Report and Recommendation. [Dkt. 48]. Plaintiff filed supplemental objections on September 28, 2023. [Dkt. 49]. Plaintiff's objections were filed timely. A party who timely files specific, written objections to a magistrate

judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Plaintiff filed written objections in a timely manner, he failed to specifically identify the findings or recommendations to which he objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 49, 50].  Additionally, much of the objections merely restate arguments from Plaintiff's complaint [Dkt. 1], and are somewhat disorganized and irrelevant to Judge Stetson's Report and Recommendation.  Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 47] to which Plaintiffs have discernably objected.

Plaintiff appears to raise the following objections: (1) the Plaintiff did not take an oath at a dismissed state court proceeding related to the underlying facts of this case, which somehow delegitimizes a dismissal on jurisdictional grounds from this Court [Dkt. 49, and 50 at 1]; and (2) Defendant Texas Department of Housing and Community Affairs is not entitled to sovereign immunity, which Judge Stetson did not even recommend [Dkt. 50 at 2].  Plaintiff also raises an

unclear objection to "changing Documents #5 and #38 to be dismissed and converting documents #4, #22 #23, and #24 to Summary Judgment." [Dkt. 50 at 3].

These objections are non-responsive to Judge Stetson's recommendation that this case be dismissed for a lack of subject matter jurisdiction. [Dkt. 47 at 10-11]. Federal courts are "courts of limited subject matter jurisdiction." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir 2022). Article III of the U.S. Constitution limits the authority of federal courts to "live cases and controversies." *Yarls v. Bunton*, 905 F.3d 905, 912 (5th Cir. 2018); *see* U.S. CONST. art. III, § 2, cl. 1; *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023). Accordingly, if a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, as Defendants did jointly [Dkt. 38], the court must consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.), *cert. denied* 536 U.S. 960 (2002) (citations omitted)

Without subject matter jurisdiction to hear Plaintiff's claims, the Court cannot offer any further findings, as that would constitute an improper "advisory opinion." *Cellular Recycler, LLC v. Broadtech, LLC*, No. 3:20-CV-3656-B, 2021 WL 1017015, at *1-2 (N.D. Tex. Mar. 16, 2021). As this Court agrees with Judge Stetson's analysis of subject matter jurisdiction here [Dkt. 47], it cannot address the merits-based arguments raised in Plaintiff's objections. [Dkt. 49, 50].

II.   **Conclusion and Order**

The Court has conducted a *de novo* review of Plaintiff's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff's objections [Dkt. 49, 50] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 47] is ADOPTED. Defendant's Joint Motion to Dismiss [Dkt. 38] is

GRANTED, and all other pending motions are DENIED AS MOOT.  All of Plaintiff's claims are DIMISSED WITHOUT PREJUDICE. A final judgment of dismissal will be entered.

**SIGNED this 6th day of October, 2023.**

Michael J. Truncale
United States District Judge